IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHARLES CRAWFORD,<br><br>                Plaintiff,<br><br>     vs.<br><br>HALL COUNTY SHERIFF DEPT, In their official capacity; and DEPUTY DRAPER SULLIVAN, #90816, Hall County Sheriffs Office, In his individual and official capacity;<br><br>                Defendants. | 8:24CV161<br><br>MEMORANDUM AND ORDER |

Plaintiff Charles Crawford ("Crawford" or "Plaintiff") filed a Complaint on May 3, 2024. Filing No. 1. He has been given leave to proceed in forma pauperis. Filing No. 8. The Court now conducts an initial review of Crawford's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.  SUMMARY OF COMPLAINT

Crawford is a federal pretrial detainee currently confined in the Saline County Law Enforcement Center in Wilber, Nebraska, on pending criminal charges in *USA v. Crawford*, No. 4:23-cr-03047-SMB-JMD (D. Neb.) (hereinafter "23CR3047").[1] *See* Filing No. 7 at 2 (referencing Case No. 23CR3047). Crawford brings this action pursuant to 42 U.S.C. § 1983 against the Hall County Sheriff Department and Hall County Sheriff Deputy Draper Sullivan ("Deputy Sullivan") for alleged violations of his Fourth Amendment rights.

---

[1] The Court takes judicial notice of the records in 23CR3047. The Court can sua sponte take judicial notice of its own records and files, and facts which are part of its public records. *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981). Judicial notice is particularly applicable to the Court's own records of prior litigation closely related to the case before it. *Id.*

Crawford alleges that on May 16, 2022, while he was dropping off three people at a house in Grand Island, Nebraska, Deputy Sullivan drove by with his dog in a small, brown pickup truck with an extended cab, and he and Crawford made eye contact. After Crawford left the residence, he was driving west on 12th Street towards Wheeler and saw Deputy Sullivan parked on Wheeler. As Crawford completed a stop and continued on, Deputy Sullivan pulled out from his parking space, followed Crawford, and eventually "turned on his lights to pull [Crawford] over." Filing No. 1 at 3, ¶ 10 (punctuation altered).

Deputy Sullivan came to Crawford's window and asked about an individual being at the house where Plaintiff had dropped off the three individuals. Crawford denied knowing the individual Deputy Sullivan named and alleges "[t]his part of the body cam was edited along with other parts of the body cam that was on GIPD."[2] *Id*. at 4, ¶ 13. Crawford asked why Deputy Sullivan pulled him over to which Deputy Sullivan responded that Crawford's license plate was obstructed. Deputy Sullivan asked for Crawford's license, insurance, and registration, and Crawford produced his license and told Deputy Sullivan that his insurance was on his phone and his registration was in the glove box. Deputy Sullivan then ordered Crawford out of the truck, and, as Crawford walked to the back of the truck, Deputy Sullivan "pulled a gun out of [Crawford's] pants pocket and [Crawford] told him about the other one[. Deputy Sullivan] got that one also then placed [Crawford] in cuffs." *Id*., ¶ 16.

By this time, GIPD arrived as Deputy Sullivan had "called them before he ordered [Crawford] out [of] the truck." *Id*., ¶ 17. Deputy Sullivan requested Crawford's consent to search his vehicle, which Crawford denied. Deputy Sullivan then got his dog out to

[2] The Court assumes "GIPD" refers to the Grand Island Police Department.

sniff around Crawford's vehicle, but the dog did not alert. Crawford alleges Deputy Sullivan then searched Crawford's vehicle, "and at this time [Crawford] was not under arrest." *Id.* at 5, ¶ 20. After searching inside the passenger side of the vehicle, Deputy Sullivan walked back to the rear of the vehicle to where Crawford was standing about fifteen feet away and told Crawford he was under arrest. Deputy Sullivan "said a bag was in plain sight with meth in it, the body cam shows nothing in plain sight." *Id.*, ¶ 22 (spelling corrected).

Though not clearly alleged in the Complaint, Crawford was arrested as a result of these events and faces charges of possession with intent to distribute methamphetamine, possession of a firearm during and in relation to a drug trafficking crime, and felon in possession of a firearm in 23CR3047. *See* Filing No. 1, Case No. 4:23CR3047 (indictment alleging offenses occurred on or about May 16, 2022). As of the date of this Memorandum and Order, 23CR3047 remains pending, and Crawford has until July 10, 2024, to object to the Magistrate Judge's findings and recommendations that Crawford's motion to suppress be denied. *See* Filing No. 63 & Filing No. 79 (Text Order), Case No. 4:23CR3047.

As relief, Crawford seeks a declaration that Defendants violated his constitutional rights, as well as $15,000.00 in compensatory damages and $500,000.00 in punitive damages against each Defendant.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§

1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

4

## III.  DISCUSSION

Liberally construed, Crawford sues the Hall County Sheriff Department and Deputy Sullivan in his official and individual capacities pursuant to 42 U.S.C. § 1983 for unlawful search and seizure in violation of the Fourth Amendment.  Due to the pendency of Crawford's criminal proceedings in 23CR3047, the Court finds that these proceedings should be stayed pursuant to Wallace v. Kato, 549 U.S. 384 (2007).

In Wallace v. Kato, the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." Id. at 397.  The Court also instructed that where, as here,

> a plaintiff files a [Fourth Amendment] claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."

Id. at 393–94.  Otherwise, the district court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict–all this at a time when it can hardly be known what evidence the prosecution has in its possession." Id. at 393 (internal citation omitted).

Crawford's Fourth Amendment claims are based on the same set of facts and circumstances which led to his indictment in 23CR3047.  His claims that he was unlawfully arrested and his vehicle unlawfully searched relate to rulings that "will likely be made in a pending or anticipated criminal trial." Id.  "The principles of Wallace v.

5

*Kato* dictate that further consideration of plaintiff's § 1983 claims should be stayed until the underlying criminal matter against [Crawford] has been resolved through criminal proceedings." *Wilson v. Whitlock*, No. 1:18CV107 HEA, 2018 WL 3772180, at *3 (E.D. Mo. Aug. 9, 2018) (citing *Vonneedo v. Dennis*, No. 1:17-CV-183 NAB, 2017 WL 5904005, at *2 (E.D. Mo. Nov. 30, 2017) (staying § 1983 case alleging unconstitutional search and seizure under principles articulated in *Wallace v. Kato*); *Anderson v. Robinson*, No. 4:12-CV-967 CAS, 2013 WL 4502598, at *1 (E.D. Mo. Aug. 22, 2013) (same)). *See also Perrin v. Iuzzolino*, No. CV 16-791, 2017 WL 487123, at *4 (W.D. Pa. Jan. 11, 2017), *report and recommendation adopted sub nom*. *Perrin v. Izzulino*, No. CV 16-791, 2017 WL 478171 (W.D. Pa. Feb. 6, 2017) ("[W]here the § 1983 plaintiff has yet to be convicted and his civil claims are closely related to his criminal proceedings, the Court should stay the civil action."); *Blanchard v. City of St. Louis*, No. 4:10CV1548 RWS, 2011 WL 2731174, at *5 (E.D. Mo. July 12, 2011) (staying § 1983 case against police officers alleging unlawful search pursuant to *Wallace v. Kato*).

The Court also concludes a stay or abstention until resolution of Crawford's criminal proceedings would be appropriate because a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment or sentence, unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995). Accordingly, the Court will stay this matter and administratively close it until the criminal proceedings against Crawford have concluded.

6

## IV. OTHER PENDING MOTIONS

### A. Motion for Appointment of Counsel

Crawford filed a Motion for Appointment of Counsel on May 16, 2024. Filing No. 7. "There is no constitutional or statutory right to appointed counsel in civil cases." Phillips v. Jasper Cnty. Jail, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, Chambers v. Pennycook, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." Recca v. Omaha Police Dep't, 859 F. App'x 3, 4 (8th Cir. 2021) (citing Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996)).

In light of the Court's determination that this case must be stayed pending the outcome of Crawford's criminal proceedings, the Court finds there is no need for the appointment of counsel at this time and Crawford's motion is denied.

### B. Motion for Summons

On June 3, 2024, Crawford filed what the Court construes as a Motion for Summons, consisting of a handwritten summons form with a blank for the Clerk of the Court's signature and two copies of the Complaint. Filing No. 10. The Court is required to review prisoner and in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief

7

from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). This matter may not proceed to service of process unless so ordered by the Court after conducting this initial review. Because the Court has determined that this matter must be stayed pending resolution of Crawford's criminal proceedings, the Court will defer its initial review until after the stay is lifted. Accordingly, Crawford's Motion for Summons is denied without prejudice as premature.

## C. Motion for Extension of Time

Finally, on June 21, 2024, Crawford filed a Motion for Extension of Time seeking additional time to pay his initial partial filing fee. Filing No. 11. The Court received Crawford's initial partial filing fee payment of $18.17 on June 24, 2024, and will, therefore, deny his motion for an extension as moot.

## V. CONCLUSION

The criminal proceedings pending against Crawford in 23CR3047 are so closely connected to Crawford's claims that a stay of these proceedings is appropriate pursuant to *Wallace v. Kato*. As the entire suit should be stayed, the Court need not decide at this time whether Crawford's Complaint states a plausible claim against any defendant.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Appointment of Counsel, Filing No. 7, and Motion for Summons, Filing No. 10, are denied without prejudice.

2. Plaintiff's Motion for Extension of Time, Filing No. 11, is denied as moot.

3. All proceedings in this case are stayed pending final disposition of the criminal charges pending against Plaintiff in 23CR3047. Plaintiff shall notify this Court in

8

writing concerning the final disposition of the criminal charges pending against him within thirty (30) days after final disposition of the charges is made.

4. This case is administratively closed pending final disposition of the criminal charges against Plaintiff, and may be reopened by Plaintiff's filing of a motion to reopen the case after such final disposition.

5. The Clerk of Court is directed to close this case for statistical purposes.

6. The Clerk of Court is further directed to transmit a copy of this Memorandum and Order to Plaintiff's counsel in 23CR3047.

Dated this 1st day of July, 2024.

BY THE COURT:

*Joseph F. Bataillon*

Joseph F. Bataillon
Senior United States District Judge