IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CHARLES CRAWFORD,

Plaintiff,

vs.

HALL COUNTY SHERIFF DEPT, In their official capacity; and DEPUTY DRAPER SULLIVAN, #90816, Hall County Sheriffs Office, In his individual and official capacity;

Defendants.

**8:24CV161**

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Charles Crawford's ("Crawford") identical motions asking the Court to end the stay in this case ("Motions to End Stay"), Filing No. 15; Filing No. 17, and what the Court construes as a motion for a hearing ("Motion for Hearing"), Filing No. 16. For the reasons that follow, Crawford's motions will be denied.

## I. BACKGROUND

Crawford initiated this action under 42 U.S.C. § 1983 on May 3, 2024, and the Court conducted an initial review of his Complaint, Filing No. 1, on July 1, 2024. Filing No. 12. At the time of the Court's initial review, Crawford was a federal pretrial detainee with pending criminal charges in *USA v. Crawford*, No. 4:23-cr-03047-SMB-JMD (D. Neb.) (hereinafter "23CR3047").[1] The Court determined that this matter must be stayed pursuant to *Wallace v. Kato*, 549 U.S. 384 (2007), because "Crawford's Fourth

---

[1] The Court takes judicial notice of the records in 23CR3047. The Court can sua sponte take judicial notice of its own records and files, and facts which are part of its public records. *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981). Judicial notice is particularly applicable to the Court's own records of prior litigation closely related to the case before it. *Id.*

Amendment claims are based on the same set of facts and circumstances which led to his indictment in 23CR3047." Filing No. 12 at 5. Accordingly, the Court stayed this case pending final disposition of the criminal charges pending against Crawford in 23CR3047. *Id*. at 8.

Crawford filed his first Motion to End Stay on August 28, 2025, indicating that 23CR3047 had "ended in a guilty verdict." Filing No. 15 at 1. The Court's records reflect that a jury trial was held in 23CR3047 from August 4 to August 8, 2025, and the jury returned a guilty verdict on all three counts of the indictment—possession with intent to distribute methamphetamine, possession of a firearm in furtherance of a drug trafficking crime, and felon in possession of a firearm. Filing No. 232, Case No. 4:23CR3047. On October 30, 2025, Judge Susan M. Bazis sentenced Crawford to the Bureau of Prisons' custody for a term of one hundred fifty-one (151) months on Count I, sixty (60) months on Count II to run consecutively to Counts I and III, and one hundred twenty (120) months on Count III, to run concurrently with Count I. Filing No. 251, Case No. 4:23CR3047. Crawford filed a notice of appeal on November 4, 2025, and his appeal remains pending in the Eighth Circuit Court of Appeals as of the date of this order. *See* Filing No. 253 and Docket Sheet, Case No. 4:23CR3047.

## II. DISCUSSION

On August 28, 2025, and November 3, 2025, Crawford filed his identical Motions to End Stay, in which he asks the Court to end the stay in this case due to the guilty verdict entered in 23CR3047. Filing No. 15; Filing No. 17. As further support for ending the stay, Crawford contends he has more evidence of the Defendants' Fourth Amendment violation and misconduct, specifically body and dash cam videos offered

2

into evidence in 23CR3047 that have been altered and edited to "cut off" 41 minutes of video "during the probable cause search" and two "photoshopped" or "fake photos of Deputy Sullivan." Filing No. 15.

Upon consideration, the Court will deny Crawford's Motions to End Stay as premature because Crawford's criminal proceedings are still ongoing. The Court instructed Crawford in its July 1, 2024, Memorandum and Order that this case may be reopened by Crawford's filing of a motion to reopen the case after final disposition of his criminal proceedings. Filing No. 12 at 8–9. Crawford's criminal proceedings remain pending on appeal, and the Court concludes the stay will remain in place until final resolution of Crawford's criminal proceedings, including any appeals and postconviction proceedings. *See Vonneedo v. Dennis*, No. 1:17-CV-183, 2017 WL 5904005, at *2 (E.D. Mo. Nov. 30, 2017) ("The principles of *Wallace v. Kato* dictate that further consideration of plaintiff's § 1983 claims should be stayed until the underlying criminal matter currently pending against plaintiff has been resolved through criminal appeals, as well as through post-conviction processes.").

Similarly, because the Court concludes the stay in this case must remain in effect, the Court will deny Crawford's Motion for Hearing, Filing No. 16, as premature. The Court notes that, to the extent Crawford may be seeking to pursue habeas corpus relief, *see* Filing No. 16 at 1, he cannot pursue such relief in this section 1983 case.

IT IS THEREFORE ORDERED that:

1.      Crawford's Motions to End Stay, Filing No. 15; Filing No. 17, and Motion for Hearing, Filing No. 16, are denied as premature and without prejudice to reassertion

after final disposition of Crawford's pending criminal charges, including any appeals or postconviction processes.

    2.    The Clerk of Court is directed to transmit a copy of this Memorandum and Order to Crawford's counsel of record in 23CR3047.

    Dated this 10th day of February, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

4